Burnes, J.
By Memorandum and Order dated Jan-
uary 4, 2005, this court (Botsford, J.) entered a tem-poraiy restraining order against the defendants [19 Mass. L. Rptr. 75). I heard the plaintiffs application for a preliminary injunction. Substantially for the reasons stated in Judge Botsford’s order, I will continue the temporary restraining order but, for the reasons stated, will modify the order and order mutual expedited discovery.
I have read all of the papers submitted to me. I have put particular emphasis on my review of the various affidavits submitted by each side. While I recognize that these affidavits are drafted by the lawyers, they are signed by people with better knowledge of the facts than either the lawyers or the court. In particular, the insurance professionals, both from Academic Risk and from the customers of Acordia and now Academic Risk, know more about the operation of the business and the impact of the restraining order on the customers’ ability to conduct their business. Based on the representations made to me, under the pains and penalties of peijuiy in those affidavits, [1] I will modify the temporary restraining order to allow Academic Risk and its employees to service the accounts of their customers, even if those customers were previously customers of Acordia. Any fees for this work shall be paid into an escrow account.
Secondly, it appears from the defendants’ filings that they may be able to make a case that the employment agreements are not binding (of course, that does not address any claim from breach of fiduciary duty) and that Acordia is not really interested in protecting any good will for an ongoing business.[2] It is impossible at this time for the court to tell whether these assertions are likely to pay out but, if they can be substantiated, the defendants will have ample grounds to return to court for a dissolution of the injunction. Therefore, the court will allow both sides expedited discovery. The parties may immediately serve written discovery and take depositions as set out in the order that follows.
The court will schedule a further conference in March 2005 to assess the status of the case and schedule further discovery, if necessary, and a prompt trial date.
ORDER
The court modifies Paragraphs 2a and b of the order of the court dated January 4, 2005, by removing the *109 words “or service to” from those paragraphs and by adding an order that any fees that may be paid to Academic Risk for providing insurance services to the described businesses shall be paid into an escrow account at the law firm of Morrison Mahoney LLP under the responsibility of Charles A. Cook, Esq., all until further order of the court.
The court orders that the parties may commence discovery immediately. Requests for production of documents shall be responded to within 15 days after service; answers and objections to interrogatories shall be provided within 20 days of service. Deposition notices may be served immediately, but shall otherwise be consistent with Rule 30.
The court will set a status and scheduling conference in early March 2005.

See, e.g., Second Affidavit of Pamela Anderson, 16; Affidavit of Lucia Darling, 18; Supplemental Affidavit of Paul L. Clancy, 17.

See, e.g., Affidavit of Mary C. Dewey, 16; Affidavit of Dale Dreyfus, 17; Supplemental Affidavit of Paul L. Clancy, 15; Affidavit of Jeffrey Solomon, 16; Affidavit of James Breeding, 17.